IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ERIN C. BARNES and ADAM M. RAINEY, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 250151N |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR PARTIAL SUMMARY** |
| Defendant. | ) | **JUDGMENT** |

This matter is before the court on the parties' cross motions for partial summary judgment.[1]  At this time, the parties have two primary disputes.  The first is whether Plaintiffs may appeal the subject property's 2022-23 and 2023-24 real market values (RMVs) to this court under ORS 305.288.[2]  The second is whether Defendant or this court has the authority to correct a claimed error in the property's maximum assessed value (MAV) that occurred in 2007.

## I.  STATEMENT OF FACTS

Plaintiffs appeal both the RMV and MAV of property identified as account R199991 (subject property), for the 2022-23 through 2024-25 tax years.  (Compl at 1, Ptfs' Req for Corr at 1-2.)  For the 2024-25 tax year, Plaintiffs appeal from an Order of the Multnomah County Property Value Appeals Board (PVAB) reducing the tax roll value.  (Compl at 1, 5.)  The tax roll and PVAB values, if any, are summarized below along with Plaintiffs' requested values.

/ / /

/ / /

---

[1] Following a June 10, 2025, case management conference, Plaintiffs submitted two letters dated June 16, 2025.  One letter is titled "RMV Appeal," hereinafter "Ptfs' RMV Appl."  The other letter is titled "Request for Correction of Improper MAV Exception and Overstated RMV," hereinafter "Ptfs' Req for Corr."  The court construes the two letters collectively as Plaintiffs' motion for partial summary judgment.

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2023 edition.

|  | Tax Roll | PVAB | Plaintiffs |
|---|---|---|---|
| **2022-23 RMV** | $800,020 | No appeal | $674,000 |
| **2022-23 MAV** | $488,180 | No appeal | |
| **2023-24 RMV** | $789,020 | No appeal | $674,000 |
| **2023-24 MAV** | $502,820 | No appeal | |
| **2024-25 RMV** | $811,070 | $729,720 | $674,000 |
| **2024-25 MAV** | $517,900 | $517,900 | $430,000 or $478,291 |

(Compl at 1, 5; Ptfs' RMV Appl at 1; Ptfs' Req for Corr at 3-4, 6.[3])

Although Plaintiffs did not appeal to the local board for the 2022-23 and 2023-24 tax years, they maintain their appeal is permitted under ORS 305.288 both due to a 20 percent error in the subject property's RMV and based on good and sufficient cause. (Ptfs' RMV Appl at 1.) Plaintiffs state that the subject property "is currently overvalued by more than 20%." (*Id.*) They support the 20 percent figure by comparing their requested RMV of $674,000 with the original 2024-25 RMV of $811,070, establishing a difference of $137,070. (*Id.*) They argue that $137,070 is "a total overage" of 20.25 percent "compared to the original RMV." (*Id.*)

Plaintiffs reason that good and sufficient cause exists because they appealed Defendant's valuation of the subject property in 2009 and 2014 and both appeals "were denied without clear explanation." (Ptfs' RMV Appl at 2.) Plaintiffs characterize this history as a "long-term pattern of overassessment and unaddressed errors" that constitute "good and sufficient cause" for the present appeal. (*Id.*) Plaintiffs did not provide a copy of the 2009 or 2014 decisions, or state whether they appealed them.

In support of their MAV claim, Plaintiffs assert that "the [MAV] was never adjusted to reflect the board[']s decision – the MAV request of $430,000." (Compl at 1.) Plaintiffs assert that the subject property's MAV was miscalculated in 2007 based on the improper application of

---

[3] Plaintiffs provided the court with a printed assessment history listing, but the listing inexplicably omits the assessed RMV and MAV for the 2023-24 tax year. The 2023-24 tax year figures have been hand-written in. (Ptfs' Req for Corr at 6.)

an exception event: the installation of a "new roof, flooring, vinyl windows, doors, [and] cabinets." (Ptfs' Req for Corr at 1-2.) Plaintiffs state that the roof was not new in 2007 because it "was in place when [they] bought the house in 2005." (*Id.* at 1.) They further state that the other improvements, "even if they had been done," were general ongoing maintenance and repair that do not "constitute qualifying improvements under ORS 308.146 or the Department of Revenue's MAV Manual." (*Id.* at 1, 2.) Plaintiffs ask the court to recalculate the subject property's MAV "from the correct 2006 base of $278,130, applying only 3% annual growth—resulting in a corrected 2024 MAV of approximately $478,291." (*Id.* at 4.)

## II. ANALYSIS

Two issues are presented, and each is addressed in turn. The court first analyzes whether Plaintiffs' RMV claims for 2022-23 and 2023-24 tax years meet the statutory requirements for appealing to the tax court under ORS 305.288. Second, the court analyzes whether any authority supports an adjustment to the subject property's MAV for the 2022-23 through 2024-25 tax years. The court will grant a motion for summary judgment where, viewing the record in a manner most favorable to the adverse party, there is no genuine issue of material fact, and the moving party is entitled to prevail as a matter of law. TCR-MD 13; TCR 47 C.[4] At summary judgment, the adverse party bears the burden of producing evidence on any issue "as to which the adverse party would have the burden of persuasion at trial." TCR 47 C.

A.      *2022-23 and 2023-24 Tax Years*

For the 2022-23 and 2023-24 tax years, Plaintiffs seek relief under ORS 305.288. (Ptfs' Resp at 2-3.) Defendant argues that Plaintiffs have not met the statutory requirements to appeal those years under either ORS 305.288(1) or ORS 305.288(3). (Def's Mot Part Summ J at 2.)

---

[4] Tax Court Rules-Magistrate Division (TCR-MD) and Tax Court Rules (TCR).

Under ORS 305.288(1), this court must order a change or correction if certain conditions are all met. One required condition is that the taxpayer allege a difference of at least 20 percent between the property's requested RMV and the RMV on the assessment and tax roll for the tax year. ORS 305.288(1)(b).[5] Alternatively, this court may order a change if, among other things, there is "good and sufficient cause" for the taxpayer's failure "to pursue the statutory right of appeal."[6] ORS 305.288(3). Good and sufficient cause exists where there was an "extraordinary circumstance" beyond the taxpayer's control that caused the taxpayer to fail to pursue a timely appeal. ORS 305.288(5)(b)(A). It "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B).

Here, Plaintiffs do not allege an error of 20 percent or more in the subject property's RMV for tax years 2022-23 or 2023-24. Plaintiffs state that the assessed RMVs for those years were $800,020 and $789,020, respectively. The differences between those values and Plaintiffs' requested RMV of $674,000 are $126,020 and $115,020, respectively. Neither of those figures clears the 20 percent threshold. $126,020 is 15.8 percent of $800,020 and $115,020 is 14.6 percent of $789,020.[7] Therefore, Plaintiffs may not appeal the subject property's RMV for the 2022-23 or 2023-24 tax years under ORS 305.288(1) as a matter of law.

With respect to the second avenue for relief under ORS 305.288(3), Plaintiffs allege no facts demonstrating "good and sufficient cause" for their failure to timely appeal Defendant's

---

[5] The court must also determine that a difference of at least 20 percent exists, but that typically occurs at trial rather than through briefings on summary judgment. At this stage of the proceeding, an allegation is sufficient.

[6] ORS 305.275 is the "primary route of appeal" to this court. *Zervis v. Dept. of Rev.*, 20 OTR 79, 82 (2010). It requires taxpayer to first appeal to PVAB if permitted. ORS 305.275(3).

[7] Plaintiffs calculate the difference by looking to their requested RMV rather than the roll RMV, but even then, the 20 percent threshold is not met: $126,020 is 18.7 percent of $674,000, and $115,020 is less than that.

valuations for the 2022-23 and 2023-24 tax years. They do not identify any extraordinary circumstance that caused them not to pursue timely appeals. Plaintiffs state that they appealed the subject property's valuation twice previously and that those appeals were denied. Appeals to and denials by county PVABs are not extraordinary; both occur regularly. Because Plaintiffs have not identified any facts demonstrating an extraordinary circumstance, they may not appeal the subject property's RMV for the 2022-23 or 2023-24 tax years under ORS 305.288(3).

B.    *MAV Appeal*

Having concluded that Plaintiffs do not meet the statutory requirements for appealing the subject property's 2022-23 and 2023-24 RMVs to this court, the remaining issue is whether any authority exists to adjust the subject property's MAV for any of the tax years at issue.[8] Plaintiffs cite ORS 305.288 and ORS 311.205 as the statutes providing the authority to make this change.[9] (Ptfs' Req for Corr at 2.) With respect to the latter, Plaintiffs argue that "ORS 311.205 grants the assessor—and by extension, this court—the authority to correct any error or omission 'at any time' if it results in improper assessment." (*Id.*) They argue that the claimed 2007 error "wasn't a judgment call on value—it was a misapplication of the law." (*Id.*) Plaintiffs ask the court to recognize that the 2007 MAV recalculation that led to the current MAV "constituted a legal error under ORS 311.205(1)(b)." (Ptfs' Resp at 3.)

---

[8] Defendant does not dispute that Plaintiffs may challenge the subject property's 2024-25 RMV. Plaintiffs appealed the 2024-25 RMV from a PVAB Order.

[9] Plaintiffs also cite "*Ellison v. Clackamas County Assessor*, TC-MD 090217C (2009)" as case law supporting their position. (Ptfs' Resp at 2.) The court has found no record of a case bearing this name and case number. Accordingly, the court does not consider any statement or holding Plaintiffs rely on from the purported decision. The court admonishes Plaintiffs to use resources like the State of Oregon Law Library or the Tax Court's Decisions, Opinions, and Orders webpage to verify case law prior to submitting it to the court.

Plaintiffs initially cited "*Ellison v. Clackamas County Assessor*, (TC-MD 120314D)," describing the outcome as follows: "the court ruled in favor of the property owner, rejecting the county's MAV increase which was based on assumptions and lacked qualifying improvements." (Ptfs' Req for Corr at 3.) Plaintiffs misstate the issue and ruling in that case. The court considered the 2011-12 RMV of the property at issue and denied the appeal.

Defendant characterizes the 2007 exception event as a "valuation judgment that was not appealed in the year in which it was applied and not considered a clerical error." (Def's Mot Part Summ J at 1.) Defendant argues that the subject property's MAV was calculated properly for the current and prior five tax years by applying the maximum three percent increase annually. (*Id.*) Accordingly, there is nothing to correct in the subject property's MAV for the tax years at issue. The court considers whether ORS 305.288, ORS 311.205, or any other authority supports Plaintiffs' request to reduce the subject property's MAV.

1. *Appeal under ORS 305.288*

ORS 305.288(2) authorizes the court to "order a change or correction in the maximum assessed value of the property in addition to the change or correction in the real market value of the property" but only if the conditions under subsection (1) of the statute are satisfied. As discussed above, Plaintiffs have not alleged a 20 percent error in the subject property's RMV for either the 2022-23 or 2023-24 tax years. So, the conditions of subsection (1) are not satisfied. The court also concluded that Plaintiffs failed to identify facts demonstrating "good and sufficient cause" within the meaning of ORS 305.288(3). Accordingly, Plaintiffs appeal of the subject property's MAV under ORS 305.288 is unavailing.

2. *Appeal under ORS 311.205*

Plaintiffs argue that, under ORS 311.205, Defendant may or must correct the subject property's MAV for the 2024-25 tax year based on the argument that a "legal error" occurred in 2007 and has persisted ever since. Plaintiffs specifically cite ORS 311.205(1)(b) as the authority under which Defendant is authorized to correct the alleged "legal error" now. Defendant argues that ORS 311.205 does not allow for a correction reaching back to 2007 and that, if any error

occurred, it was one of valuation judgment.[10] (Def's Mot for Summ J at 1.)

ORS 311.205(1)(b)(A) states: "The officer may correct an error in valuation judgment at any time in any account when an appeal has been filed in the tax court alleging that the value on the roll is incorrect, if the correction results in a reduction of the tax owed on the account." This court has concluded that ORS 311.205 "[does] not authorize an appeal by a taxpayer to compel the assessor to make a correction." *Woody Family Properties, LLC v. Jackson County Assessor*, TC-MD 200188N, 2021 WL 3141210 at *2 (Or Tax M Div, July 26, 2021). Rather, the statute grants certain powers to the officer in charge of the roll to make corrections, depending on what type of error or change has been identified. The appeal afforded to taxpayer under ORS 311.205 is from a roll correction that increases the assessment. *See Woody*, 2021 WL 3141210 at *2. No party claims that Defendant has made a correction under ORS 311.205. The court holds that, as a matter of law, Plaintiffs may not rely on ORS 311.205 to support their MAV appeal here.

3.      *Other avenues of appeal*

Oregon law allows taxpayer to "petition the county assessor" to correct MAV based on an error in square footage or to remove nonexistent property. ORS 311.234(1)(a), (2). The petition "must be on the form and contain the information prescribed by the Department of

---

[10] The court agrees with Defendant on both points. As explained in the Journal Entry entered May 27, 2025, corrections under ORS 311.205 are limited to "any year or years not exceeding five years prior to the last certified roll." ORS 311.205(2)(a); *see also Myslony v. Washington County Assessor*, TC-MD 120304C, 2012 WL 4540342 (Or Tax M Div, Oct 3, 2012) (concluding the court lacked authority under ORS 311.205 to correct alleged error in MAV beyond five years from the last certified tax roll). Notwithstanding Plaintiffs' description of the alleged error as a "legal error" – a term not reflected in the statute – the court agrees with Defendant that the error, if any, was one of valuation judgment. ORS 311.205(D) defines "an error in valuation judgment" as "one in which the assessor * * * would arrive at a different opinion of value." Errors in valuation judgment include "[e]rrors made in calculating a real market value." OAR 150-311-0150(1)(c). Plaintiffs alleged that the subject property's 2007-08 MAV was improperly calculated based on an exception event for new improvements to property. Exception value for new property or new improvements is measured by an increase in RMV and impacted by numerous factors. *See* ORS 308.153(2)(a); *Richter v. Deschutes County Assessor*, TC-MD 230044N, 2024 WL 1132254 at *6 (Or Tax M Div, Mar 15, 2024). Any error that Defendant made in adding exception value in 2007 was an error calculating RMV and, therefore, an error in valuation judgment.

Revenue and must be filed with the county assessor on or before December 31 of the current tax year." ORS 311.234(5). If the assessor denies the petition, *then* a taxpayer may appeal that decision to this court under ORS 305.275. ORS 311.234(6). Here, Plaintiffs have not produced any evidence that they petitioned Defendant using the form and process prescribed by ORS 311.234, so that statute provides no relief in this case.[11]

### III. CONCLUSION

Upon careful consideration, the court holds that Plaintiffs may not appeal the subject property's RMV for the 2022-23 or 2023-24 tax years. The court also holds that Plaintiffs may not appeal the subject property's MAV for any of the tax years at issue. Now, therefore,

IT IS ORDERED that, for the 2022-23, 2023-24, and 2024-25 tax years, Plaintiffs' Cross-Motion for Partial Summary Judgment is denied, and Defendant's Cross-Motion for Partial Summary Judgment is granted. Plaintiffs' appeal of the subject property's 2024-25 RMV may proceed. The parties will file a status report by December 16, 2025, proposing next steps.

_____

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This Order was signed by Presiding Magistrate Allison R. Boomer and entered on December 2, 2025.*

---

[11] The court expresses no opinion whether a petition under ORS 311.234 is likely to succeed.